IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JASSIEL ALBERTO SARMIENTO RUIZ,**

      Petitioner,

v.     Civil Action No. 3:25cv1066

**WARDEN, FARMVILLE DETENTION CENTER,** *et al.,*

      Respondents.

## MEMORANDUM OPINION

The Court has received a petition under 28 U.S.C. § 2241 (the "§ 2241 Petition"), (ECF No. 1), filed on behalf of Petitioner, challenging his immigration detention. An individual named John Znamirowksi, who is Petitioner's father and lives in Maryland, filed the § 2241 Petition for Petitioner, purportedly as a "next friend." Petitioner did not sign the § 2241 Petition.

Rule 2(c)(5) of the Rules Governing § 2254 Cases requires that petitions pursuant to 28 U.S.C. § 2254 "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rules Governing § 2254 Cases in U.S. District Courts, Rule 2(c)(5).[1] The Advisory Committee Notes to Rule 2(c) explain: "The Committee envisions that the courts will apply third-party, or 'next-friend,' standing analysis in deciding whether the signer was actually authorized to sign the petition on behalf of the petitioner." *Id.,* Advisory Committee Notes, 2004 Amend. "[A] next friend does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Hamdi v. Rumsfeld,*

---

[1] Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241. Rule 1(b), Rules Governing § 2254 Cases; *see Aguayo v. Harvey,* 476 F.3d 971, 976 (D.C. Cir. 2007).

294 F.3d 598, 603 (4th Cir. 2002) (some internal quotation marks omitted) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)). "[T]he availability of next friend standing as an avenue into federal court is strictly limited." *Id.*

To establish "next friend" standing, (1) the "next friend must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action," and (2) the "next friend" must also establish that he is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and has "a significant relationship with the real party in interest." *Id.* at 603-04 (some internal quotation marks omitted) (quoting *Whitmore*, 495 U.S. at 163-64). "The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 603 (some internal quotation marks omitted) (quoting *Whitmore*, 495 U.S. at 164).

Mr. Znamirowski does not show that he is a "next friend" and, therefore, the § 2241 Petition fails to comply with Rule 2(c)(5). Mr. Znamirowski clearly filed the § 2241 Petition on Petitioner's behalf and there is no evidence that Petitioner has seen or approved of its contents. Additionally, it does not appear that Mr. Znamirowski is an attorney, and therefore, he may not litigate this matter for Petitioner. Parties may plead and conduct their own cases *personally* or *through counsel* in all courts of the United States. *See* 28 U.S.C. § 1654. Individuals who are not licensed attorneys may not represent third parties because such representation constitutes the unauthorized practice of law. Rules of Supreme Court of Virginia, Pt. 6, § I; *see DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341–42 (W.D.N.Y. 2004); *Kone v. Wilson*, 630 S.E.2d 744, 745–46 (Va. 2006). Accordingly, the Court will not recognize any filings made by Mr. Znamirowski. Petitioner must sign his submissions to this Court under penalty of perjury.

Accordingly, the § 2241 Petition, (ECF No. 1), is DENIED WITHOUT PREJUDICE, and the action is DISMISSED.

Nevertheless, in order to expedite any further § 2241 petition filed by Petitioner himself, the Clerk is DIRECTED to mail a copy of this Memorandum Order and a standardized form for filing a § 2241 petition to Petitioner at the Farmville Detention Center.[2] If Petitioner wishes to pursue a § 2241 petition, he should complete and return the form to the Court. Petitioner must sign the form himself. Any § 2241 petition will be opened as a new civil action.

An appropriate Order shall issue.

Date: 12/30/25
Richmond, Virginia

/s/
M. Hannah Lauck
Chief United States District Judge

---

[2] The Court should mail this Memorandum Order and a standardized § 2241 petition form to Petitioner at the Farmville Detention Center with the "A" number 061-465-939. (See ECF No. 1-2, at 1.)